IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| PENNY MUSGRAVES o/b/o MMM, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:12-5090-DGK-SSA |
| CAROLYN W. COLVIN,[1] | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Penny Musgraves ("Musgraves") seeks judicial review of the Commissioner of Social Security's ("the Commissioner") denial of an application filed on behalf of her granddaughter, MMM, for supplemental security income ("SSI") benefits based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et. seq*. The Administrative Law Judge ("ALJ") found that while MMM's attention deficit hyperactivity disorder ("ADHD") was a severe impairment, MMM was not disabled.

After careful review, the Court holds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

**Background**

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Musgraves filed MMM's application for SSI benefits on October 20, 2009, alleging MMM became disabled on December 1, 2008. The Commissioner denied her application at the initial claim level, and Musgraves appealed the denial to an ALJ. The ALJ held a video hearing

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), she is substituted for Michael J. Astrue as the defendant.

and on February 18, 2011 issued his decision holding MMM was not disabled as defined in the Act. On July 9, 2012, the Appeals Council denied Musgraves' request for review, leaving the ALJ's decision as the Commissioner's final decision. Musgraves has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

To be considered disabled within the meaning of the Act, a child—a person under age eighteen—must show a "medically determinable physical or mental impairment, which results in marked and severe functional limitations," and which either lasts or can be expected to last for a continuous period of not less than twelve months. In making this determination, the Commissioner follows a three-step sequential evaluation process. 20 C.F.R. § 416.924(a). At

step one, the Commissioner determines whether the child has engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If so, the child is not disabled; if not, the inquiry continues. At step two, the Commissioner determines whether the child's impairment, or combination of impairments, is "severe," which is defined as a slight abnormality or combination of slight abnormalities that causes more than minimal functional limitations. 20 C.F.R. § 416.924(c). If not, the applicant is considered not disabled; if so, the inquiry continues. At step three, the Commissioner determines whether the child has an impairment(s) that meets, or is medically or functionally equal in severity to, one of the Commissioner's listed impairments. 20 C.F.R. § 416.924(d). If so, and the impairment(s) meets the durational requirement of having lasted, or being expected to last, for a continuous twelve month period, disability is established. If not, the child is not disabled. *Id.*

If the ALJ finds that a child's impairments do not meet or medically equal a listed impairment, the ALJ will assess all functional limitations caused by the child's impairments across six "domains" of functioning to determine whether the functional limitations are disabling.[2] 20 C.F.R. § 416.926a. The six domains of functioning are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). The evaluation of age-appropriate functioning within each domain focuses on the child's abilities and limitations; where the child has difficulty; the quality of any limitations; and the kind, extent, and frequency of help that the child needs. 20 C.F.R. § 416.926a(b)(2). A finding of functional equivalence occurs when a child has an "extreme"

---

[2] "Domains" are "broad areas of functioning intended to capture all of what a child can or cannot do." SSR 09-4p.

limitation in one domain of functioning or "marked" limitations in at least two domains. 20 C.F.R. § 416.926a(e).[3]

In the present case, after carefully assessing MMM's limitations, the ALJ determined that MMM had no limitations in the domains of acquiring and using information, moving about and manipulating objects, and health and physical well-being. R. at 16, 21. He found she had MMM had less than marked limitations in the domains of attending and completing tasks and caring for herself; and was markedly limited in interacting and relating with others. R. at 17-18, 20. The ALJ concluded MMM was not disabled because she did not exhibit marked limitations in two areas of functioning or an extreme limitation in one area of functioning. R. at 21.

Plaintiff contends the Court should reverse the Commissioner's decision because: (1) substantial evidence does not support the ALJ's decision; and (2) the ALJ should have assigned controlling weight to the opinion of MMM's treating physician. The Court finds these arguments are without merit.

A. **Substantial evidence supports the ALJ's conclusion that MMM has a less than marked limitation in the domain of attending and completing tasks.**

Plaintiff argues the ALJ's decision finding that MMM has a "less than marked" limitation in the domain of attending and completing tasks is not supported by substantial evidence on the record.

Assessing the domain of attending and completing tasks requires examining a child's ability to focus and maintain attention and begin, carry through, and finish activities, including the mental pace at which she performs activities and the ease of changing activities. 20 C.F.R. § 416.926a(h); SSR 09-4P. Generally, this domain considers whether a child can filter out

---

[3] "Extreme" denotes an impairment that very seriously interferes with a child's ability to independently initiate, sustain, or complete activities. "Marked" denotes an impairment that seriously interferes with the ability for independently initiating, sustaining, or completing activities. 20 C.F.R. § 416.926a(e).

distractions; avoid impulsive thinking; organize, plan ahead, and prioritize competing tasks; change focus after completing a task; and manage her time. *Id.* MMM is six-years-old, thus she is considered a preschool-age child. *Id.* A preschool age child should be able to pay attention when spoken to directly; sustain attention to play and learning activities; and concentrate on activities like putting puzzles together or completing art projects. A preschool age child should also be able to focus long enough to complete certain tasks independently, such as dressing, feeding, or putting away toys; wait her turn and change her activity when a caregiver or teacher says it is time to do something else; and play contentedly and independently without constant supervision. *Id.*

With respect to this domain, the ALJ found MMM had some limitations, but they were less than marked. R. at 17-18. Substantial evidence on the record supports this finding. The ALJ acknowledged that MMM had some limitations; he noted her teachers indicated she was active in class, had difficulty keeping track of her materials, and made careless mistakes. R. at 17-18, 247-48, 250-51. However, he also noted that other evidence in the record indicated MMM's limitations were less than marked. R. at 17. For example, the treatment notes of MMM's treating psychiatrist, Dr. Asadullah Ahmed, M.D., indicated that MMM's behavior improved with medication, R. at 271, 273-74, and it is well-established that impairments that are controllable or amenable to treatment do not support a finding of total disability. *Collins v. Barnhart*, 335 F.3d 726, 729-30 (8th Cir. 2003) (holding that a child's ADHD was not disabling because Ritalin reduced the symptoms to a less than marked level). Although Plaintiff's behavior periodically deteriorated, she responded well to adjustments in her medication, R. at 271-72, 293, 341, and disruptive behavior in school does not necessarily signify disabling limitations. *Collins*, 335 F.3d at 730. The ALJ also noted that MMM was not in special

education classes and did not receive any special services from the school district. R. at 15, 34, 204, 208. On the contrary, MMM's teacher indicated she was "very bright and excels in most areas." R. at 250. Because Plaintiff could function in a normal classroom without special services, excelled academically, and showed improvement with medication, the ALJ did not err in finding her ADHD was not disabling. *Collins*, 335 F.3d at 30.

The ALJ's finding is bolstered by reports from Musgraves which are inconsistent with claims that MMM is markedly limited in her ability to attend and complete tasks. For example, in August 2009, Musgraves reported that MMM was very good at video games and stayed busy playing them for hours, and she also used the computer three times a day for twenty minutes to an hour. R. at 209, 273. On occasion, Musgraves also reported that MMM was not currently having behavior problems at home or school, was easier to take care of, did not exhibit any threatening or aggressive behavior, was rewarded for good behavior at school, and could occupy herself by putting puzzles together and cutting paper. R. at 39, 271. Such reports demonstrate MMM possesses an ability to focus and maintain attention and are inconsistent with a finding that she is markedly limited in her ability to attend and complete tasks. 20 C.F.R. § 416.926a(h); SSR 09-4P. Thus, the ALJ did not err in finding MMM had a less than marked limitation in this domain.

**B.      The ALJ did not err in discounting the opinion of MMM's treating psychiatrist.**

Plaintiff also argues the ALJ erred by not giving controlling weight to Dr. Ahmed's opinion that MMM had marked limitations in attending and completing tasks. Generally, a "treating source" opinion is entitled to deference if it is well supported by clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence of record. 20 C.F.R.
6

Case 3:12-cv-05090-DGK   Document 13   Filed 08/16/13   Page 6 of 8

§ 416.927(c). A treating physician's opinion is not entitled to controlling weight if it conflicts with the doctor's own treatment notes. *Davidson v. Astrue*, 578 F.3d 838, 842 (8th Cir. 2009).

In the present case, the ALJ found that Dr. Ahmed's May 2010 and September 2010 opinions were inconsistent with other substantial evidence of record, including his own treatment notes. The ALJ wrote, "Dr. Ahmed's opinions appear to be based on the claimant's functioning without medication and are inconsistent with his own treatment notes that show improvement with medication." R. at 15. This finding is supported by the record. Dr. Ahmed's own contemporaneously recorded treatment notes state that when MMM was on her medication she was cooperative, able to pay attention, responded well to questions, asked permission to play, played appropriately with toys and put them away when asked, followed commands, and did not exhibit aggressive or inappropriate behavior. R. at 271-74, 292, 294, 295. These observations also indicate that MMM demonstrated age-appropriate norms in functioning in areas of paying attention when spoken to directly; sustaining attention to play and learning activities; focusing long enough to complete certain tasks independently; changing activities when a caregiver or teacher says it is time to do something else; and playing contentedly and independently without constant supervision. SSR 09-4P. Furthermore, Dr. Ahmed's opinion was inconsistent with other evidence in the record, namely Musgraves' observations of her granddaughter playing video games, using the computer, and cutting paper to keep herself occupied. Consequently, the ALJ did not err in giving Dr. Ahmed's opinion little weight.

Finally, there is no merit to the claim that the ALJ should have contacted Dr. Ahmed to determine whether his opinions were based on Plaintiff's functioning with or without medication. The regulations do not require an ALJ to contact a treating physician whose opinion is inconsistent with his treatment notes. *See Hacker v. Barnhart*, 459 F.3d 934, 938 (8th Cir.

2006).  Here, the ALJ discounted Dr. Ahmed's opinion not because it was unclear, but because it was inconsistent with other substantial evidence, including his own treatment notes.  Under these circumstances, the ALJ was not required to contact Dr. Ahmed.

## Conclusion

The Court finds the Commissioner's determination is supported by substantial evidence on the record.  Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:     August 16, 2013                    /s/ Greg Kays
                                             GREG KAYS, JUDGE
                                             UNITED STATES DISTRICT COURT